**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MADHUKAR LAMA, | No. 06-71581 |
| Petitioner, | Agency No. A097-583-052 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010**

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Madhukar Lama, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

RA/Research

and protection under the Convention Against Torture ("CAT").  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We review substantial evidence findings of fact, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), and we review de novo questions of law, *Lata v. INS*, 204 F.3d 1241,1244 (9th Cir. 2000).  We deny the petition for review.

The record does not compel the conclusion that changed circumstances excused Lama's untimely filed his asylum application.  *See* 8 C.F.R. § 208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007).  Accordingly, Lama's asylum application fails.

Substantial evidence supports the agency's conclusion that the harm Lama suffered does not rise to the level of persecution, *see Gu*, 454 F.3d at 1020-21, and the agency's conclusion that Lama failed to establish a clear probability of persecution in Nepal.  *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003).

Substantial evidence also supports the agency's conclusion that Lama is ineligible for CAT relief because he failed to show it is more likely than not he would be tortured if returned to Nepal.  *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

We reject Lama's contention that he was deprived of a full and fair hearing due to the IJ's failure to consider evidence of changed country conditions in assessing his asylum claim. *See Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**